UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HOPKINS,<br><br>          Plaintiff,<br><br>    v.<br><br>SOUTH JERSEY INDUSTRIES, INC., JOSEPH M. RIGBY, MICHAEL J. RENNA, SARAH M. BARPOULIS, VICTOR A. FORTKIEWICZ, SHEILA HARTNETT-DEVLIN, G. EDISON HOLLAND, SUNITA HOLZER, KEVIN O'DOWD, CHRISTOPHER PALADINO, and FRANK L. SIMS,<br><br>          Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on February 24, 2022 (the "Proposed Transaction"), pursuant to which South Jersey Industries, Inc. ("SJI" or the "Company") will be acquired by NJ Boardwalk Holdings LLC ("Boardwalk") and Boardwalk Merger Sub, Inc. ("Merger Sub").

2. On February 23, 2022, SJI's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Boardwalk and Merger Sub. Pursuant to the terms of the Merger Agreement, SJI's stockholders will receive $36.00 in cash for each share of SJI common stock they own.

3. On March 30, 2022, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SJI common stock.

9. Defendant SJI is a New Jersey corporation and a party to the Merger Agreement. SJI's common stock is traded on the New York Stock Exchange under the ticker symbol "SJI."

10. Defendant Joseph M. Rigby is Chairman of the Board of the Company.

11. Defendant Michael J. Renna is President, Chief Executive Officer, and a director of the Company.

12. Defendant Sarah M. Barpoulis is a director of the Company.

13. Defendant Victor A. Fortkiewicz is a director of the Company.

14. Defendant Sheila Hartnett-Devlin is a director of the Company.

15. Defendant G. Edison Holland is a director of the Company.

16. Defendant Sunita Holzer is a director of the Company.

17. Defendant Kevin O'Dowd is a director of the Company.

18. Defendant Christopher Paladino is a director of the Company.

19. Defendant Frank L. Sims is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. SJI is an energy infrastructure holding company tgat delivers energy services to customers.

22. The Company's services include regulated natural gas utility operations and non-utility operations primarily focused on clean energy development and decarbonization via renewable energy productions and energy management activities.

23. On February 23, 2022, SJI's Board caused the Company to enter into the Merger Agreement.

24. Pursuant to the terms of the Merger Agreement, SJI's stockholders will receive $36.00 in cash per share.

3

25.     According to the press release announcing the Proposed Transaction:

South Jersey Industries, Inc. (NYSE: SJI) (SJI) and the Infrastructure Investments Fund (IIF), a private investment vehicle focused on investing in critical infrastructure assets, today announced that they have entered into a definitive agreement under which IIF will purchase SJI for $36.00 per share in cash, reflecting an enterprise value of approximately $8.1 billion. . . .

Leadership and Headquarters

Following the close of the transaction, SJI will remain locally managed and operated with headquarters in Folsom, New Jersey. Mike Renna will continue as Chief Executive Officer and the current management team will continue to lead SJI.

Terms of the Transaction

The per share purchase price of $36.00 represents a 46.3% premium to SJI's 30-day VWAP as of February 23, 2022, the last trading day prior to the announcement of the agreement. The transaction was unanimously approved by SJI's Board of Directors and is expected to close in the fourth quarter of 2022, subject to the approval of SJI's shareholders, the receipt of regulatory approvals, including by the New Jersey Board of Public Utilities, and other customary closing conditions. Dividends payable to SJI shareholders are expected to continue in the ordinary course until the closing, subject to approval by SJI's Board of Directors. Upon completion of the transaction, SJI's shares will no longer trade on the New York Stock Exchange, and SJI will become a private company. . . .

Advisors

BofA Securities is acting as exclusive financial advisor and Gibson, Dunn & Crutcher LLP is acting as legal advisor to SJI. Centerview Partners is acting as exclusive financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to IIF. In addition, IIF has a committed bridge financing facility in place led by KeyBanc Capital Markets and PNC Capital Markets to support the transaction.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

26.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

27.     As set forth below, the Proxy Statement omits material information.

28. First, the Proxy Statement omits material information regarding the Company's financial projections.

29. The Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

30. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, BofA Securities ("BofA").

32. With respect to BofA's Discounted Cash Flow Analysis – WholeCo, the Proxy Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analysis.

33. With respect to BofA's Discounted Cash Flow Analysis – Utility Segment, the Proxy Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analysis.

34. With respect to BofA's Discounted Cash Flow Analysis – Non-Utility Segment, the Proxy Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the

35. With respect to BofA's Wall Street Analysts Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

38.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SJI

39.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  SJI is liable as the issuer of these statements.

41.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

45.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

47.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of SJI within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of SJI and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

51. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 6, 2022                    **RIGRODSKY LAW, P.A.**

                                            By:   */s/ Gina M. Serra*
                                                    Gina M. Serra
                                                    825 East Gate Boulevard, Suite 300
                                                    Garden City, NY 11530
                                                    Telephone: (516) 683-3516
                                                    Email: gms@rl-legal.com

                                                    *Attorneys for Plaintiff*